UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 21-5132-DMG (JCx)<br>CV 21-5324-DMG (JCx)<br>CV 21-5178-DMG (JCx)<br>CV 21-5929-DMG (JCx)<br>CV 21-7443-DMG (JCx) ✓<br>CV 21-7204-DMG (JCx)<br>CV 21-7199-DMG (JCx) | Date | December 17, 2021 |
|---|---|---|---|
| Title | *American Family Connect Property and Casualty Insurance Company, et al. v. Southern California Edison Company, et al.*<br>*Maradell Sakemiller v. Edison International, et al.*<br>*Travelers Property Casualty Insurance Company, et al. v. Southern California Edison Company, et al.*<br>*American Modern Home Insurance Company, et al. v. Southern California Edison Company, et al.*<br>*Alliance of Schools for Cooperative Insurance Programs v. Southern California Edison Company, et al.*<br>*David Harshbarger, et al. v. Southern California Edison Company, et al.*<br>*Jacqueline Gibson, et al. v. Southern California Edison Company, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO REMAND [12]**

On May 20, 2021, Plaintiffs American Family Connect Property and Casualty Insurance Company, *et al.*,[1] filed a Complaint in Los Angeles County Superior Court against Defendants Southern California Edison Company and Edison International (together, "Edison") asserting claims for (1) negligence and (2) inverse condemnation for damage resulting from the September

---

[1] Plaintiffs in this case are American Family Connect Property and Casualty Insurance Company; ASI Select; Homesite Insurance Company of California; Homesite Insurance Company of the Midwest; Federal Insurance Company; Church Mutual Insurance Company; Federated Mutual Insurance Company; First American Specialty Insurance; First American Property & Casualty Insurance; Kookmin Best Insurance Co., Ltd. (US Branch); Kemper Independence Insurance; Mapfre Insurance Company; Met Direct; Clear Blue Insurance Company; State National Insurance Co.; Stillwater Insurance Company; and Zurich American Insurance Company.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

2020 Bobcat Fire. Compl. [Doc. # 1-2]. On June 24, 2021, Edison timely filed a Notice of Removal ("NOR"). [Doc. # 1.]

On July 23, 2021, Plaintiffs filed a Motion to Remand the action to Los Angeles County Superior Court ("MTR"). [Doc. # 12.] The MTR is fully briefed. [Doc. ## 14, 18.] On August 19, 2021, the Court took the motion under submission. [Doc. # 22.]

On August 2, 2021, the Court issued an order providing that all arguments advanced in the briefing by any party on the MTR are deemed to be made in the other six related cases removed to this Court by Edison, all of which allege damages arising out of the Bobcat Fire. [Doc. # 24.] The motions to remand in those cases are also before the Court. *See Travelers Property Casualty Insurance Company, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-5178-DMG (JCx) [Doc. # 17] (motion to remand filed July 23, 2021); *Maradell Sakemiller v. Edison International, et al.*, Case No. CV 21-5324-DMG (JCx) [Doc. # 16] (motion to remand filed July 30, 2021); *American Modern Home Insurance Company, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-5929-DMG (JCx) [Doc. # 25] (notice of joinder in MTR); *Alliance of Schools for Cooperative Insurance Programs v. Southern California Edison Company, et al.*, Case No. CV 21-7443-DMG (JCx) [Doc. # 15] (notice of joinder in MTR); *Jacqueline Gibson, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-7199-DMG (JCx) [Doc. # 16] (notice of joinder in MTR); *David Harshbarger, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-7204-DMG (JCx) [Doc. # 20] (notice of joinder in MTR).

In its Notice of Removal, Edison asserts two bases for federal subject matter jurisdiction: federal enclave jurisdiction, citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006), and federal officer removal jurisdiction. NOR at ¶¶ 4-5, 12. On November 18, 2021, Edison filed a Notice withdrawing its arguments in support of federal enclave jurisdiction. [Doc. # 26.] The Court therefore considers only Edison's arguments in support of federal officer removal jurisdiction. For the reasons stated below, the Court **GRANTS** the motions to remand.

## I.
## BACKGROUND

Edison is a utility that supplies electricity and natural gas to customers throughout Southern California. *See* Compl. at ¶¶ 11-13. Plaintiffs allege that the Bobcat Fire was ignited by Edison's power lines in the Angeles National Forest. *See id*. at ¶¶ 2, 3, 23. Plaintiffs assert the fire was caused by Edison's negligence in failing to properly clear vegetation around its conductors, failing to maintain its equipment, and not de-energizing its circuits during the high wind conditions that preceded the fire. *Id*. at ¶ 4. The Bobcat Fire burned approximately 115,796 acres, injured six firefighters, and caused extensive property damage. *Id*. at ¶¶ 4, 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Edison runs its power lines through the Angeles National Forest pursuant to a special use permit issued by the Forest Service (sometimes the "Special Use Permit"). NOR at ¶ 15; *see also* Dixon Decl., Ex. 5 (Special Use Permit) [Doc. # 1-10]. The permit requires Edison to comply with federal laws and regulations, and with state, county, and municipal requirements that apply to the permit area. NOR at ¶ 15; Special Use Permit at 2. It "imposes an affirmative duty to protect from damage the land, property, and other interests of the United States." NOR at ¶ 15; Special Use Permit at 5. In particular, the permit requires Edison to submit an operating plan and a vegetation management plan for the Forest Service's approval. Special Use Permit at 3-4.

Forest Service regulations dictate some elements of Edison's operating plan. *Id*. at ¶ 17; *see also* 36 C.F.R. § 251.56(h)(5)(viii)(A) (noting that operating plans for new and reauthorized powerline facilities on National Forest System lands should include specific procedures for routine vegetation management); *but see id.* at § 251.56(h)(5)(viii)(B) (noting emergency vegetation management does not require written prior approval). The operating plan prepared by Edison also imposes obligations such as requiring Edison to prepare environmental impact statements. NOR at ¶ 16.

Edison also asserts that it provides electricity to Forest Service facilities within the forest. NOR at ¶ 16.

## II.
## DISCUSSION

The federal officer removal statute allows for removal of a state court action brought against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office [. . .]." 28 U.S.C. § 1442(a)(1) (emphasis added). A party removing on the basis that it was "acting under" a federal officer must show "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018).

Although the federal officer removal statute is to be construed broadly in favor of removal, *see Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006), the Ninth Circuit and the Supreme Court have emphasized "that its 'broad language is not limitless.'" *Fidelitad*, 904 F.3d at 1099 (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Page 4 of 6

The parties do not dispute that Edison is a person within the meaning of the statute. Defendants here are corporations, and "corporations are persons under section 1442(a)(1)." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (citations omitted). The real question is whether Edison has demonstrated a "causal nexus" between its actions and Plaintiffs' claims.

Another court in this district recently granted a motion to remand a series of related cases removed by Edison based on the same facts. *See Allstate Ins. Co., et al. v. S. California Edison Co., et al.*, No. CV 21-4994-MWF (Ex), 2021 WL 5356633, at *7 (C.D. Cal. Nov. 15, 2021) (remanding cases related to the Creek Fire, which also arose in the Angeles National Forest). This Court agrees with the *Allstate* court's conclusion that Edison was not "acting under" a federal officer in operating its power lines through the Angeles National Forest.

Plaintiffs claim that Edison's poor vegetation management caused the Bobcat Fire. Compl. at ¶¶ 3, 66. Edison asserts that its vegetation management was strictly regulated pursuant to the Special Use Permit. NOR at ¶¶ 15-17. But nowhere does Edison assert that the *Forest Service's control* over its vegetation management was the cause of the fire. Indeed, Edison was expressly permitted to undertake emergency vegetation management without any authorization. This weighs against finding a causal nexus between Edison's actions "taken pursuant to a federal officer's directions" and Plaintiffs' claims. *See Early v. Northrop Grumman Corp.*, No. 2:13-CV-3130-ODW (MRWx), 2013 WL 3872218, at *1 (C.D. Cal. July 24, 2013) (finding no causal nexus between injuries sustained on a road on an Air Force base and the defendant's contract with the government that required it to seek permission to make changes to the road, because defendant did not actually assert that any action or inaction pursuant to the contract caused the plaintiff's injuries).

More importantly, Edison fails to show that it was acting pursuant to a federal officer's directions at all. "For a private entity to be 'acting under' a federal officer, the private entity must be involved in 'an effort to assist, or to help carry out, the duties or tasks of the federal superior.'" *Goncalves*, 865 F.3d at 1245 (quoting *Watson*, 551 U.S. at 153). Edison argues that it was "acting under" a federal officer by complying with the requirements of the Special Use Permit and by providing electricity to the federal government.

The simple fact of compliance with regulations—"even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored"—is not enough to satisfy the "acting under" requirement. *Watson*, 551 U.S. at 153 (reversing decision permitting removal based on advertising limitations imposed upon and detailed testing required of tobacco manufacturers by the Federal Trade Commission). A contract with the federal government may serve as the basis for removal. *Fidelitad*, 904 F.3d at 1100-01. But "the assistance that private contractors provide federal officers must go beyond simple compliance with the law and help

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

officers fulfill other basic governmental tasks." *Goncalves*, 865 F.3d at 1245 (citing *Watson*, 551 U.S. at 153).

Edison points to two cases in which government contracts were found to satisfy the causal nexus requirement: *Goncalves* and *Perez v. Consol. Tribal Health Project, Inc.*, No. 12-5403-SC, 2013 WL 1191242 (N.D. Cal. Mar. 21, 2013). Neither of these cases support removal here.

In *Perez*, the U.S. Attorney removed a negligence action to federal court on behalf of a healthcare facility providing services pursuant to a contract with the Department of Health and Human Services ("HHS"). 2013 WL 1191242, at *1. But the facility was funded pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq.*, and therefore under the Act it was "deemed to be part of HHS's Public Health Service" for purposes of the suit. *Id.*, at *2. The *Perez* defendant did not need to show that it was "acting under" a federal officer because it was deemed to be a federal officer.

In *Goncalves*, the Ninth Circuit found the defendant, an insurance carrier, was "acting under" a federal officer (the Office of Personnel Management, or "OPM") when it pursued a subrogation claim against a party covered under a Federal Employee Health Benefit Act ("FEHBA") health insurance plan. 865 F.3d at 1247. In reaching its conclusion, the court emphasized that because of the structure of FEHBA plans (under which the government, not the insurance carrier, takes on all the financial risk), a carrier administering such a plan "is not acting as an insurer so much as it is acting as a claims processor, serving as the government's agent while the government takes the place of the typical health insurer in hedging bets." *Id*. In pursuing subrogation claims, then, carriers are acting pursuant to delegated authority "to act 'on the [g]overnment agency's behalf.'" *Id*. at 1247 (quoting *Watson*, 551 U.S. at 156).

Edison is allowed to run its power lines across Forest Service land subject to certain conditions contained within the Special Use Permit. This does not transform Edison's vegetation management activities into activities undertaken pursuant to delegated authority on behalf of the federal government. This is especially true where, as here, Edison's vegetation management plan was actually developed by Edison. *See Cabalce v. VSE Corp.*, 922 F. Supp. 2d 1113, 1122-23 (D. Haw. 2013), *aff'd sub nom. Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720, 729 (9th Cir. 2015) (remanding case removed by private contractor because defendants had not shown they were acting under a federal officer where "[defendants] provided the government with detailed safety parameters [. . .], not the other way around").

Similarly, the mere provision of electricity to the Forest Service does not transform Edison into an agent of the federal government. Edison points to language in *Watson* for the notion that a private party is "acting under" a federal officer when the private party performs a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | Page | 6 of 6 |
|---|---|---|

job the government would otherwise have to perform itself.  *See* 551 U.S. at 154 (distinguishing from *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387 (5th Cir. 1998) and cases like it by explaining that in *Winters*, "at least arguably, Dow performed a job that, in the absence of a contract with a private firm, the Government itself would have had to perform.").  Although it is true that the federal government often needs electricity, this case is not like *Winters*:  the chemical manufacturers there removed to federal court because of their contract to produce Agent Orange for the Defense Department based on "detailed and direct orders to supply a certain product," and they were compelled to deliver it "under threat of criminal sanctions."  149 F.3d at 398.  By contrast, Edison's NOR does not indicate that the federal government is anything other than an ordinary Edison customer.

Edison has failed to establish a causal nexus between actions it took pursuant to a federal officer's directions and Plaintiffs' claims.  Because the Court finds Edison has not established a causal nexus, the Court need not consider whether Edison has a colorable federal defense.

### III.
### CONCLUSION

In light of the foregoing, the motions to remand are **GRANTED**.  The following actions are **REMANDED** to Los Angeles County Superior Court:

- *American Family Connect Property and Casualty Insurance Company, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-5132-DMG (JCx)
- *Maradell Sakemiller v. Edison International, et al.*, Case No. CV 21-5324-DMG (JCx)
- *Travelers Property Casualty Insurance Company, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-5178-DMG (JCx)
- *American Modern Home Insurance Company, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-5929-DMG (JCx)
- *Alliance of Schools for Cooperative Insurance Programs v. Southern California Edison Company, et al.*, Case No. CV 21-7443-DMG (JCx)
- *David Harshbarger, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-7204-DMG (JCx)
- *Jacqueline Gibson, et al. v. Southern California Edison Company, et al.*, Case No. CV 21-7199-DMG (JCx)

**IT IS SO ORDERED**.